UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACI ELIAS and DAPHNE MOTLEY, and others similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) FILE NO: ) |
| vs. | ) FAIR LABOR STANDARDS ACT ) ACTION |
| KIMBERLY-CLARK GLOBAL SALES, LLC, | ) ) ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW, Plaintiffs who hereby bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, and Retaliation on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

## PARTIES

3.

Plaintiff Traci Elias was a charge back analyst who was denied overtime compensation during the terms of her employment.

4.

Plaintiff Daphne Motley was a customer service coordinator II-291 who was denied overtime compensation during the terms of her employment.

5.

Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consents to representation, pursuant to 29 U.S.C. §216(b).

6.

Defendant Kimberly-Clark Global Sales, LLC is a global health and hygiene leader that sells goods all over the world. Defendant is a corporation formed under the

laws of the State of Georgia and may be served with process through its registered agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

7.

Defendant is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

8.

Defendant and its agents set the terms and conditions of employment for the Plaintiffs, including the decision not to pay Plaintiffs their overtime.

9.

By not paying overtime, Defendant was able to personally profit more from and pay themselves a greater profit, salary and/or benefits.

## FACTUAL ALLEGATIONS

10.

Upon information and belief, Defendant has in the past and currently employs over 58,000 employees.

11.

Plaintiffs seek to represent employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

12.

At all times relevant to this case, the Plaintiffs were not responsible for supervising any other employees.

13.

At all times relevant to this case, Plaintiffs did not possess the authority to hire or terminate employees.

14.

Plaintiffs also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

15.

At all times relevant to this action, Plaintiffs possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiffs did not otherwise possess discretion or exercise independent judgment in the daily activities performed.

16.

At all times relevant to this action, Plaintiffs were required to work a specific schedule and had to clock in and out of work.

17.

At all times relevant to this action, Plaintiffs were docked for both hours and days missed due to illness, accident or other absences.

18.

From approximately August 31, 1998 to December 14, 2012 Defendant required Plaintiff Traci Elias to work in excess of 40 hours per workweek.

19.

From approximately September 23, 2008 to July 4, 2012 Defendant required Plaintiff Daphne Motley to work in excess of 40 hours per workweek.

20.

From approximately August 31, 1998 to December 14, 2012 Defendant did not compensate Plaintiff Traci Elias for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which she was employed.

21.

From approximately September 23, 2008 to July 4, 2012 Defendant did not compensate Plaintiff Daphne Motley for time worked in excess of 40 hours per

week on a basis of one and one-half times the regular rate of pay at which she was employed.

22.

Defendant fails to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

23.

Defendant is liable to Plaintiffs for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## COUNT I

### (CLAIM FOR RELIEF UNDER FLSA § 207)

24.

The above facts support Plaintiffs' claims for relief under the FLSA.

25.

Defendant's failure to compensate Plaintiffs for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiffs for unpaid overtime compensation for

three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. §216.

26.

Defendant's actions injured Plaintiffs and caused damages including but not limited to the loss of income, lost promotions, pain, suffering, and humiliation all flowing from Defendant's illegal actions.

27.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiffs' federally-protected rights.

**WHEREFORE,** the Plaintiff requests this Court:

(a)  Take jurisdiction of this matter;

(b)  Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendants who elect to participate in this action by filing proper written notice with the Court;

(c)  Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiffs and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Issue a declaratory judgment.

(f) Defendants be ordered to pay Plaintiffs back pay in an amount to compensate Plaintiffs for lost wages;

(g) Defendants be ordered to compensate, reimburse and make whole the Plaintiffs for all the benefits Plaintiffs would have received had it not been for the Defendant's illegal actions, including, but not limited to, pay, benefits, insurance costs, training, promotion and seniority;

(h) Plaintiffs recover front pay if the Defendant as requested above does not reinstate the Plaintiffs;

(i) Plaintiffs be awarded compensatory damages to compensate for humiliation, pain, suffering and stigma associated with their discriminatory treatment;

(j) Award Plaintiffs their attorney's fees and costs; and

(k)     Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiffs herein requests trial by jury of all issues in this action.

This 13th day of January, 2014.

**PANKEY & HORLOCK, LLC**

By:     /s/Larry A. Pankey
        Larry A. Pankey
        Georgia Bar No. 560725
        Attorneys for Plaintiff

4360 Chamblee Dunwoody Road
Suite 500
Atlanta, Georgia  30341-1055
Phone 770-670-6250
Fax    770-670-6249
lpankey@pankeyhorlock.com